## No. 11,060.

### THE STATE EX REL. A. G. HOOTSELL VS. L. F. MASON, SECRETARY OF STATE.

The duties of the Secretary of State in promulgating the returns of election are purely and exclusively ministerial under the election laws of this State.

The consolidated return of votes, certified to as correct by the clerk of court and forwarded to the Secretary of State by the returning officer, is the official return, and the secretary must promulgate from the face of the returns, although it is unaccompanied by the tally sheets.

He has no discretion whatever to question the accuracy of the clerk's certificate, to vary or to contradict it, but must promulgate from the official consolidated return, certified to as correct by the clerk, just as the returning officer certifies as correct in his return from the tally sheets, taking them as they come from the commissioners of election, without authority to change a name or a figure, or in any way to change the result.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Buckner, J.*

---

*John S. Boatner, C. C. Bird* and *Henderson, Spencer & Fenner* for Plaintiff and Appellee cited: 38 Ohio 603; 32 An. 584; 32 An. 177; Amer. and Eng. Enc. Law, Vol. 6, pp. 311, 312; 20 Pick. 495; 10

Pick. 244; 65 Mo. 480; High Ex. Remedies, p. 60, 2d ed., Sec. 56; McCreary on Elections, 3d ed., p. 251 Sec. 377; Wait's Actions and Defences, Vol 4, p. 369.

*M. J. Cunningham*, Attorney General, and *Kernan & Laycock* for Defendant and Appellant:

1. Each of the three departments of government are distinct, co-ordinate and of equal dignity; and the executive department, of which the Secretary of State is a part, is independent of the control of the judiciary. Constitution, Arts. 14, 15 and 58; State ex rel., etc., vs. Doherty, 25 An. 120.
3. The Secretary of State has the discretion to determine what constitutes a valid return; or, at least, whether a return is in due form and made by the proper officer, and whether the same is entitled to full faith and credit. Act No. 58 of 1877, Sec. 39, amended by Act No. 101 of 1882, Sec. 6; State ex rel., etc., Water Works Co. vs. Deslonde, 27 An. 73; State ex rel. Blackman vs. Strong, 32 An. 177; State ex rel. Barbin vs. Strong, 32 An. 585.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

McENERY, J. The appellee moves to dismiss the appeal on the ground that the transcript is incomplete; that documents marked A B C and F were offered, received and filed in evidence; that by agreement of counsel said documents were to come up in the original as part of the transcript, and were not to be copied in it; that the record was made without the said documentary evidence being included therein, but attached thereto in accordance with said agreement, which is copied in the transcript; that the said papers were thus delivered by the clerk of the court to the attorney representing appellant, and not filed with the transcript, but in this court. The agreement is as follows:

"It is agreed between counsel that in case of appeal all documents offered either by defendant or relator shall not be copied in the record, but the same shall be attached to the record in the original, and shall go up in that form."

The documents referred to were a part of the public archives of the office of Secretary of State. They were, we presume, returned to their proper place of deposit in his office after the trial in the lower court by the clerk of court. They were filed in this court, accompanied by an official statement of the Secretary of State, that

they had remained in his office, as he understood, by consent of both parties.

The failure to file them is not attributable to appellant.

The motion to dismiss is denied.

### ON THE MERITS.

This is a proceeding by mandamus to compel the respondent Secretary of State "to canvass and compile and promulgate the returns of election of the parish of Concordia from the legal returns of said returning officer and the official legal tally sheets in his office, and that he be commanded to leave out and disregard in his canvass and promulgation the pretended votes as appears by the certificates, affidavits, etc., of the commissioners to have been cast at wards 3, 8 and 10 in said parish."

It appears from the record that at the recent general election the boxes and tally sheets in these wards were destroyed, and never reached the returning officer, and were not deposited, as the law directs, with the clerk of court.

The returning officer, however, made up his return and forwarded the same to the Secretary of State. From these wards the returns were undoubtedly tabulated from affidavits of the commissioners of election, showing what was the real and actual vote cast.

If the Secretary of State should intend to make these affidavits, certificate and statements of the commissioners the return upon which he based his promulgation of the election, there is no doubt but that this action would be unwarranted and illegal, and the writ of *mandamus* would issue peremptorily confining him within the limits of his duty to promulgate the returns as forwarded by the returning officer.

The duties of the Secretary of State under the election law of this State are purely and exclusively ministerial, and he has no power, authority or discretion to go outside of, beyond or behind the official returns, properly certified to as being correct by the clerk of court. State ex rel. Barbin vs. Secretary of State, 32 An. 584.

What is the return from which he promulgates the result of the election?

This, we think, is answered in the plain textual provisions of Sec. 2 of Act 99 of 1878, which is as follows:

" That it shall be the duty of the returning officer of each parish to make out triplicate returns, to be certified by the clerk of court in whose office the ballot boxes are deposited to be correct.

" He will forward one of the returns, and the tally list from which it is made, immediately by mail to the Secretary of State; he shall deliver the other two to the clerk of the court, who will immediately forward one of them to the Secretary of State, and shall file and preserve the other one in his office."

The tally sheet which accompanies the return is evidently intended as a check upon the returning officer, and to contradict him if he makes a false return. The two returns, which he is required to forward to the clerk of the court, are not accompanied by the tally sheets, as the clerk already has them in his office and can readily verify the tabulated statement of the returning officer.

The return forwarded by the clerk to the Secretary of State is also intended as an additional safeguard against the corrupt conduct of the returning officer, and to preserve evidence against him, in case it is necessary to question the accuracy of his official statement to the Secretary af State.

The " return " is the consolidated statement of votes made by the returning officer to the Secretary of State. From this consolidated statement it is the duty of the Secretary of State to make his official promulgation of the election. He has no discretion whatever to question the return, to vary or contradict it, but must promulgate from the official consolidated return, certified to as correct by the clerk, just as the returning officer must make his consolidated returns from the tally sheets, taking them as they come to him, without the power or authority to change a name or a figure, or in any way to change the result. Sec. 6, Act 101 of 1882.

In the record there is a complete consolidated return certified to by the clerk of court, as being correct, forwarded by the returning officer to the Secretary of State. It was unaccompanied by the tally sheets, but this did not destroy its effect, as the official return of the returning officer of Concordia parish. The tally sheets are vouchers or evidence of its correctness, but in the absence of these the Secretary of State must take the return as correct, when certified to by th clerk.

This certificate is essential to its completeness, without which there could be no official return, as it is a part of it.

The certificate accompanying and attached to the consolidated statement of votes is as follows:

" STATE OF LOUISIANA, ⎫
" Parish of Concordia. ⎭

" I do hereby certify that the above and foregoing is a true and correct compilation of the votes cast at the general election of April 19, 1892, as appears from the commissioners' returns filed in my office.

" In testimony whereof witness my official signature and seal of office this 5th day of May, 1892.

                    " W. F. SHIELDS, *Clerk Ninth District Court.*"

This return was first received without the above certificate, but was forwarded to Concordia parish by the Secretary of State, and returned with the clerk's certificate and thus completed.

The respondent secretary has no authority to go behind this return and inquire into the truth or falsity of the certificate.

His promulgation must be made from the face of the return.

"All irregularities in election, resulting from fraud, violence or other cause are to be corrected, not by the Secretary of State, but by the proper proceeding before the court." State ex rel. Babin vs. Secretary of State, 32 An. 584.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the rule granted herein be discharged, and the relief prayed for by relator be denied, the relator to pay all costs.